O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR MANUEL MEZA NOYOLA, | ) | Case No. SACV 15-00544-JGB (KK) |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION |
| v. | ) | |
| DEPARTMENT OF HOMELAND SECURITY et al., | ) | |
| | ) | |
| Respondents. | ) | |

On April 14, 2015, Petitioner Victor Manuel Meza Noyola ("Petitioner"), proceeding with the assistance of counsel, filed an Amended Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Amended Petition") in this Court, pursuant to 28 U.S.C. § 2241. In the Amended Petition, Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE") pending removal. Respondents Mike Krueger, ICE, and the Department of Homeland Security (collectively referred to as "Respondents") have requested the Amended Petition be dismissed as moot because Petitioner has been removed from the United States. For the reasons set forth below, the Court dismisses the Amended Petition with prejudice.

## I.

## **PROCEDURAL HISTORY**

On April 6, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241. (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner claimed he was being illegally detained by ICE pending his removal from the United States, in violation of the Fourth and Fifth Amendments to the U.S. Constitution. (Id.).

On April 14, 2015, Petitioner filed the instant Amended Petition. (Dkt. 9). In the Amended Petition, Petitioner again claimed he was being illegally detained by ICE pending removal, in violation of the Fourth and Fifth Amendments. Am. Pet. at 3.[1] On May 15, 2015, Respondents filed an Answer to the Amended Petition, contending the Amended Petition's claims are meritless. (Dkt. 14).

On May 28, 2015, Respondents filed a document titled "Suggestion of Mootness," requesting the Amended Petition be dismissed as moot because Petitioner was removed from the United States on May 18, 2015.[2] (Dkt. 15). Respondents also filed an exhibit verifying Petitioner's removal. (Dkt. 15-1). On May 28, 2015, the Court granted Petitioner until June 4, 2015 to submit an opposition or statement of non-opposition to Respondents' request for dismissal. (Dkt. 16). Petitioner has failed to file a timely opposition or statement of non-opposition. The matter thus stands submitted and ready for decision.

///
///

---

[1] The Court refers to the Amended Petition as if it were consecutively paginated.

[2] On April 14, 2015, the Ninth Circuit lifted a temporary stay of removal and denied Petitioner's request for stay of removal. Suggestion of Mootness at 1. Petitioner was removed after the Ninth Circuit's lifting of the temporary stay. Id., Ex. A.

## II.

## **DISCUSSION**

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199, 108 S. Ct. 523, 98 L. Ed. 2d 529 (1988). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" Calderon v. Moore, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (*per curiam*) (quoting Mills v. Green, 159 U.S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895)). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondents] and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). Mootness is a threshold jurisdictional issue. United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007), cert. denied, 552 U.S. 1188, 128 S. Ct. 1218, 170 L. Ed. 2d 74 (2008).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). "Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." Abdala v. Immigration & Naturalization Service, 488 F.3d 1061, 1063 (9th Cir. 2007), cert. denied, 552 U.S. 1267, 128 S. Ct. 1671, 170 L. Ed. 2d 371 (2008). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Id. at 1064. Thus, "where the grounds for habeas relief will not redress [such] collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Id.

1    Here, the instant Amended Petition contends Petitioner's detention by ICE
2 pending removal was illegal. See Am. Pet. at 3. In support of their contention that
3 the Amended Petition is moot, Respondents have presented a "Warrant of
4 Removal/Deportation," ("Warrant") showing Petitioner was removed from the
5 United States on May 18, 2015. Suggestion of Mootness, Ex. A at 1. An
6 attachment to the Warrant states Petitioner is "prohibited from entering, attempting
7 to enter, or being in the United States" for a period of ten years because he has
8 been found inadmissible under Section 212 of Immigration and Nationality Act
9 ("INA") and has been ordered removed by an immigration judge. Id., Ex. A at 3.
10    Petitioner's removal renders the instant Amended Petition moot. Moreover,
11 the bar on Petitioner's entry into the United States for a period of ten years does
12 not alter this conclusion. Although the bar on Petitioner's entry constitutes a
13 "collateral consequence" of removal, see Handa v. Clark, 401 F.3d 1129, 1132 (9th
14 Cir. 2005), Petitioner's success on the claims in the Amended Petition would not
15 redress this collateral consequence. See Abdala, 488 F.3d at 1064. The Amended
16 Petition does not challenge Petitioner's removal order. Rather, it merely
17 challenges Petitioner's detention by ICE pending removal. Thus, the success of the
18 Amended Petition's claims would not redress the collateral consequence of
19 Petitioner's removal. See id. at 1065 ("[B]ecause Abdala's habeas claims
20 challenged only the length of his detention, as distinguished from the lawfulness of
21 the deportation order, his grievance could no longer be remedied once he was
22 deported. His petition was thus rendered moot by his removal."); Picrin-Peron v.
23 Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus,
24 Picrin-Peron has requested only release from custody. Because he has been
25 released, there is no further relief we can provide."). Hence, the Amended Petition
26 does not present a live controversy and must be dismissed with prejudice as moot.
27 See Abdala, 488 F.3d at 1064.
28 ///

## III.
## **ORDER**

IT THEREFORE IS ORDERED that this action be summarily dismissed with prejudice as moot.

IT IS FURTHER ORDERED THAT JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 8, 2015

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

Kenly Kiya Kato
United States Magistrate Judge